UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

_____

| | |
|---|---|
| **OHIO FARMERS INSURANCE COMPANY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| **Counter-Defendant,** ) | |
| ) | |
| v. ) | **Case No. 03-2138** |
| ) | |
| **RONALD HOTLER, individually,** ) | |
| **MICHAEL J. MINER, individually, HAROLD** ) | |
| **MINER, individually and d/b/a MINER** ) | |
| **FARMS, JEAN MINER, individually and** ) | |
| **d/b/a MINER FARMS, and BETTY J.** ) | |
| **FRIMML, WILLIAM P. GILMORE, JR.,** ) | |
| **individually, and DEUSCHLE-GILMORE** ) | |
| **INSURANCE AGENCY, INC.,** ) | |
| ) | |
| **Defendants.** ) | |
| _____ ) | |
| ) | |
| **RONALD HOTLER, individually,** ) | |
| **MICHAEL J. MINER, individually, HAROLD** ) | |
| **MINER, individually and d/b/a MINER** ) | |
| **FARMS, JEAN MINER, individually and** ) | |
| **d/b/a MINER FARMS,** ) | |
| ) | |
| **Third Party Plaintiffs,** ) | |
| ) | |
| v. ) | |
| ) | |
| **WILLIAM P. GILMORE, JR., individually and** ) | |
| **as agent for DEUSCHLE-GILMORE** ) | |
| **INSURANCE AGENCY, INC., and** ) | |
| **DEUSCHLE-GILMORE INSURANCE** ) | |
| **AGENCY, INC.,** ) | |
| ) | |
| **Third Party Defendants,** ) | |
| **Counter-Plaintiffs.** ) | |

**OPINION**

On December 19, 2005, this court entered an Opinion (#100) in which it denied Plaintiff's Motion for Summary Judgment (#65). The motion for summary judgment addressed certain "declaratory issues" raised by Plaintiff Ohio Farmers. One such issue was whether the Deuschle-Gilmore Insurance Agency (DGIA) was acting as a broker for the Miner Defendants by allegedly contributing to material misrepresentations in the Miner Defendants' application for insurance submitted to Ohio Farmers. In denying summary judgment on this issue, the court stated:

> Ohio Farmers argues that this court should analyze the issue of whether DGIA was acting as a broker for the Miners or as its agent using four factors employed by Illinois courts. These four factors are: "(1) who first set the agent in motion; (2) who controlled the agent's action; (3) who paid the agent; and (4) whose interests the agent was protecting." Farmers Auto. Ins. Ass'n v. Gitelson, 801 N.E.2d 1064, 1068 (Ill. App. Ct. 2003). However, where an insurance agreement extends express agency authority to a broker or agent, courts do not undertake this analysis. Zannini, 590 N.E.2d at 463; Perzy v. Intercargo Corp., 827 F. Supp. 1365, 1374 (N. D. Ill. 1993). When there is such express authority, an individual is an agent of the insurer "to the extent the individual acts pursuant to the express authority granted in an agency agreement." Perzy, 827 F. Supp. at 1374. Ohio Farmers entered into an agency agreement with DGIA. The agency agreement provides under the heading, "Extent of the Agent's Authority" that DGIA "shall have authority to solicit applications, bind coverage, countersign, deliver, and endorse insurance policies." Thus, pursuant to Zannini, it is apparent that Ohio Farmers extended express

authority to DGIA and this court should not undertake the four prong analysis. Ohio Farmers asserts that DGIA acted outside its authority in submitting Miners' application for insurance to Ohio Farmers because the application contained misrepresentations. However, this court cannot find based upon the evidence presented before it that DGIA took an active role in any alleged misrepresentation or that DGIA's actions were outside the scope of the express authority granted in the agency agreement. Therefore, summary judgment is not appropriate on this issue.

Ohio Farmers argues this court should reconsider its ruling, stating "[n]owhere in the Agency Agreement is DGIA authorized to do anything other than solicit applications, which does not include contributing to the substance of the applications, much less contributing to material misrepresentations." [1]

"This Court's orders are not mere first drafts, subject to revision and reconsideration at a litigant's pleasure." McKnight v. Dean, 2000 WL 968822 *1 (N.D. Ill. 2000), quoting Quaker Alloy Casting Co. v. Gulfco Indus., Inc., 123 F.R.D. 282, 288 (N.D. Ill. 1988). Rather, motions to reconsider are "rarely appropriate." McKnight, 2000 WL 968822 at *1. "They should only be presented when the law or facts change significantly after the issue is presented to the Court, the Court has patently misunderstood a party, has made a decision outside the adversarial issues presented to it, or has made an error not of reasoning but of apprehension." McKnight, 2000 WL 968822 at *1, quoting Bank of Waunakee v. Rochester Cheese Sales, Inc., 906 F.2d 1185, 1191 (7th Cir. 1990).

---

[1] This court believes it may be helpful to Plaintiff's counsel for the purposes of this litigation to review the agency agreement in this matter which states DGIA "shall have authority to solicit applications, bind coverage, countersign, deliver, and endorse insurance policies."

The court notes that a party patently misapprehending the court's orders is not a basis for a motion for reconsideration. Rather, this court encourages Plaintiff's counsel to fully read this court's orders before filing unnecessary motions such as the present one. This court stated in ruling on the motion for summary judgment that it "cannot find based upon the evidence presented before it that DGIA took an active role in any alleged misrepresentation or that DGIA's actions were outside the scope of the express authority granted in the agency agreement." This was not a finding that Ohio Farmers is precluded from litigating the issue of whether DGIA acted outside its express authority and made misrepresentations to Ohio Farmers. Rather, summary judgment had to be denied because there remains a genuine issue of material fact as to whether DGIA contributed to material misrepresentations. As previously stated, "on the record before it, this court cannot determine the parties responsible for such misrepresentations, if such misrepresentations were indeed made." Furthermore, this court will not certify for interlocutory appeal a factual issue.

Plaintiff's Motion for Reconsideration, or, In the Alternative, Motion to Amend Opinion to Certify for Interlocutory Appeal (#105) is DENIED.

ENTERED this 31st day of January, 2006.

**s/ Michael P. McCuskey**

MICHAEL P. McCUSKEY
CHIEF JUDGE